■ CHARLES HALL, Respondent, v. PLYMOUTH DISCOUNT CORP., Appellant.— Judgment of the Civil Court, entered April 28, 1964, awarding $1,100 compensatory damages and $2,000 exemplary damages for conversion of an automobile, order, entered May 12, 1964, denying defendant's motion to set aside the judgment, and determination of Appellate Term, entered November 25, 1964, affirming said judgment and order, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and a new trial is granted, in the interest of justice, with $50 costs on this appeal to abide the event. The transcript of the police blotter entry was admissible only to show that a repossession report had been made by a person asserting himself to be "Trahan" and defendant's agent. The entry was not competent to show that the person was in fact Joseph Trahan, or that he had been authorized to repossess for defendant either plaintiff's vehicle or the vehicle described in the police report (Johnson v. Lutz, 253 N. Y. 124; CPLR 4518, subd. [a]; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4518.11). There was uncontradicted testimony and documentary evidence given by an owner of the detective service used by defendant that no order had been given by defendant to repossess a vehicle such as plaintiff's during the preceding week. This and the failure of both parties to call Trahan require a reversal of the judgment and orders rendered. However, the bizarre circumstances suggest the desirability of further inquiry, rather than that the case be determined simply on the failure of proof. Hence, a new trial, in the interest of justice, is directed. Moreover, plaintiff if so advised should be free to apply to reopen the pretrial discovery proceedings. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.