Nat H. Hentel, J.
Plaintiff seeks to recover $2,200 on a promissory note dated February 17, 1971, and due on February 28, 1972, allegedly signed by defendant (plaintiff’s Exhibit 1 in evidence). The verified answer to the complaint contains a general denial and, particularly, a denial that defendant signed the note, and, in effect, he challenges “ the plaintiff (to) prove the said signature and note.” The promissory note in evidence is proper in its form and substance on its face. Defendant raises a question, in addition to the signature, as to the note’s validity because of an apparently changed date of execu *364 tion. Under all of the circumstances and proof, the alleged date change is of no consequence since there is no apparent change in the month or year, namely, February, 1971. The date change is presumed, by the court, to be a typographical revision. Thus, the only real issue raised by defendant’s affirmative defense is whether defendant’s signature to the note is genuine.
Defendant readily admits that he borrowed $2,200 from plaintiff which he has not repaid. He claims, however, that he signed another document (defendant’s Exhibit A in evidence), which purports to acknowledge a $2,200 indebtedness to plaintiff, but provides for a different mode of payment other than cash aftet February 28, 1972, by assigning a one-half interest in his business trade named “ Unique This defense has no probative value in the face of the note in evidence, and because defendant’s Exhibit A produced by defendant is an unexecuted carbon copy of the alleged agreement also purportedly executed on February 17, 1971. It does not serve to supersede the note in evidence, and no explanation has been offered as to the whereabouts of its alleged original, nor has there been an explanation by defendant of his efforts to produce the original in court. Thus stripped of all other defenses — is defendant’s signature to the note genuine ? Neither party has offered expert testimony as to the signature’s authenticity on the note. It is therefore left to the court to decide that issue as a question of fact within the plaintiff’s burden of proving its authenticity by a fair preponderance of the credible evidence.
This court, as the sole trier of the facts, admittedly is not a handwriting expert. Therefore, the court must rely on its ability to visually compare samples of defendant’s signature contemporaneously made, and to observe conforming characteristics in order to determine whether defendant did sign the note (see CPLB 4536; 21 N. Y. Jur., Evidence, §§ 475-477; Ann. 80 ALR 2d 272). In evidence is defendant’s current New York State chauffeur’s license made out to “ John Pfeiffer, Jr.” and upon which admittedly appears his signature “ John Pfeiffer, Jr.”. Also in evidence is the verified answer herein bearing his individually signed verification, “ John Pfeiffer, Jr.”; and a letter dated July 21, 1972, addressed to plaintiff’s attorney which bears his rubber stamp admitted facsimile signature “ John Pfeiffer, Jr.”. All these signatures appear to be signed by one and the same hand. The court directed the defendant to sign his name on a paper in six various ways as “ John Pfeiffer ”, “ John Pfeiffer, Jr.”, and as “ John B. Pfeiffer, Jr.” — “ B ” being his middle initial. A visual comparison of the signatures made in court with the signatures *365 on the verified answer, the facsimile letter, and the chauffeur’s license, all show marked similarities, and all appear to be written in the same hand to the court. The disputed note is signed “ John Pfeiffer, Jr.”. Comparing the signature on the note with all the other signatures in evidence convinces the court that the note was signed by the same right-handed signatory who signed all the other documents in evidence. Of this, the court has no doubts.
Furthermore, both the plaintiff and his former attorney, Mr. Ergas, who prepared the note in question, testified that they were both present on February 17, 1971, when the defendant, whom each positively identified, signed the said note in their presence. The only contradiction comes from the defendant himself who swears under oath that he never signed this note.
Under all the circumstances, the court holds that the plaintiff has satisfied his burden of proof as to the genuineness of the defendant’s signature to the note. Judgment accordingly for the plaintiff in the sum of $2,200, plus interest from February 28,1972.
Plaintiff’s motion for additional costs under subdivision (b) of section 1102 of the CCA is denied as being inapplicable thereunder.
Plaintiff’s motion under CPLR 5229 is granted, and the defendant is directed to appear for examination by plaintiff in the nature of supplemental proceedings on January 3, 1974, Special Term, Part II, at 10:00 a.m.,. unless the parties stipulate in writing as to another date and place. Furthermore, pending the entry and service of judgment herein, this court restrains the defendant from transferring or disposing of any of his property.
Plaintiff may serve and file a restraining order upon defendant accordingly with notice of entry.