■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM MARTINEZ, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Rockland County, imposed March 6, 1974, upon his conviction of criminally selling a dangerous drug in the third degree, upon a guilty plea. The sentence imposed was an indeterminate term of not more than eight years. Sentence modified, as a matter of discretion in the interest of justice, to an indeterminate term of not more than three years. As so modified, sentence affirmed. In our opinion the sentence imposed was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON O'BRISKIE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 2, 1973, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted. Appellant raised no question as to the facts on this appeal. Because of the circumstantial nature of the proof against defendant, it was reversible error to receive into evidence, pursuant only to CPLR 4518, a pawnbroker's pledge form which recited that the signatory was the owner of the property described in the form and which bore the signature "Leon O'Briskie". Notwithstanding that the property pledged was shown to have been the property allegedly stolen, and that the form set forth addresses at which defendant had resided, the form was admissible under CPLR 4518 only to prove the pledge by one holding himself out as Leon O'Briskie. In the absence of any other evidence that defendant was the pledgor, the pawnbroker's form was not receivable to prove that defendant was the pledgor (*Hall* v. *Plymouth Discount Corp.*, 23 A D 2d 835). Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLOS PAZ and ANTONIO NIETO, Appellants.— Two judgments of the Supreme Court, Queens County, both rendered on November 28, 1973, affirmed. We have sent for and examined the police transcript record in question. It sustains the testimony of the police in every particular. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP SCALMATO, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed January 30, 1973. Sentence reversed, on the law, and case remanded to the Criminal Term. for the sole purpose of resentence in accordance herewith. The record fails to show that defendant was asked whether he wished to make a statement in his own behalf prior to sentencing (CPL 380.50). The letter he submitted to the sentencing court did not suffice for this purpose. We have considered appellant's other contentions and find them without merit. Latham, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.