M. Marvin Berger, J.
Each of these defendants was tried before me, without a jury, in three separate cases, for the alleged violation of section 198-c of the Labor Law, which provides, insofar as it is applicable, as follows: "[A]ny employer who is party to an agreement to pay or provide benefits or wage supplements to * * * [a] fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary * * * within thirty days * * * shall be guilty of a misdemeanor * * * Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.”
The record before me discloses that two contracts were entered into, both with the steamfitters union, one involving the Revo Mechanical Corp. and the other the Ocean Mechanical Corp., a rider to the second contract bearing the name Frank Orlando. By the terms of these contracts, the amounts due and owing by the corporations were to be determined from information with respect to wages supplied by the corporations to the administrator of the fund on forms supplied by such administrator; a system not unlike that wherein a taxpayer supplies the Government with the information upon which his tax is assessed. In addition to this, business records were offered "leading naturally” to the conclusion that benefits were not paid in accord with these contracts by Revo during the period from January 10 through March 27, 1975, in the amount of $10,731, and by Ocean for a similar period in the amount of $6,648.30. There is no dispute that the benefits so referred to came within the meaning, intent, and purview of the aforesaid section 198-c of the Labor Law, nor that the 30-day period has elapsed.
Defendants, citing Johnson v Lutz (253 NY 124), Toll v State of New York (32 AD2d 47), Sinkevich v Cenkus (24 AD2d 903) and Cottrell v Prudential Ins. Co. of Amer. (260 App Div 986), contend that such records should not be admitted since the information on which they were based was not supplied by someone within the union structure.
*166 The court has meticulously read each of these decisions cited and finds them to be so superficially apposite as to be totally deceptive. While it is true that a business record is admissible as proof of the facts recorded therein only where either the entrant of those facts was a witness thereof or the source thereof was under a business duty to relate the facts, to the entrant (CPLR 4518; Johnson v Lutz, supra), it may nevertheless also be accepted if the statement qualifies as an admission (Kelly v Wasserman, 5 NY2d 425; Chemical Leaman Tank Lines v Stevens, 21 AD2d 556 — all cited in Toll v State of New York, supra).
Applying the above evidentiary rule, and nothing appearing in the record to the contrary, this court finds beyond a reasonable doubt, based upon the records in evidence and the testimony of the, administrator of the fund as to the method by which they were derived, that both the Revo and Ocean Corporations did in fact fail to pay the necessary amounts within 30 days after they were so required as prescribed by the statute.
Having established the first element required by statute, we now turn to the second and more vigorously contested contention of the defendants — that the evidence taken as a whole was insufficient to connect the defendants to the respective corporations in their appropriate capacities (citing People v Lewis, 275 NY 33, as well as Hall v Plymouth Discount Corp., 23 AD2d 835, and People v O’Briskie, 46 AD2d 779).
In all three cases, bank resolutions were offered to indicate that all three names were shown as officers of the respective corporations and checks were signed in the names of Viola and Orlando. Were this all that were offered, defendants’ contentions would indeed be amply supported. However, in addition thereto, two of the defendants, "Viola and Reilly, were identified as persons who admitted being the officers of 'Revo’ ” in a prior court proceeding not subject to the constitutional restrictions imposed by Miranda (Miranda v Arizona, 384 US 436), and this court has scrupulously and meticulously examined handwriting specimens of the defendant (CPLR 4536; Ibanez v Pfeiffer, 76 Misc 2d 363), which lead it to believe, beyond a reasonable doubt and in the absence of any evidence to the contrary, that the defendants were indeed the proper corporate officers and in that capacity either knew or should have known of the nonpayment (People v Trapp, 20 NY2d 613; People v Johnson Co., 71 Misc 2d 870).
*167 In the light of this opinion, this court finds each of these defendants guilty of the crime charged.