■    LEO H. BRENNAN et al., Appellants, v COMMONWEALTH BANK & TRUST COMPANY, Respondent.—Appeal from a judgment of the Supreme Court, entered March 18, 1977 in Tioga County, upon a verdict rendered at a Trial Term, dismissing the complaint. Plaintiff Leo Brennan was allegedly injured when he was struck by defendant's employee, Phillip Miller, who had been hired by defendant to guard certain property which it had purchased at a mortgage foreclosure sale. The incident occurred on the property which previously had been owned by a corporation of which plaintiff Leo Brennan was president. Plaintiffs' complaint stated four causes of action, two on behalf of plaintiff Leo Brennan based upon the alleged battery by defendant's employee and alleged negligence of defendant in hiring and supervising its employee, and two similar derivative causes of action on behalf of the plaintiff wife. Plaintiffs also sought punitive damages in conjunction with each cause of action. At trial, defendant's motion to dismiss the negligence causes of action and all claims for punitive damages was granted, and thereafter the jury returned a verdict of no cause of action on the battery claim. Plaintiffs' motion to set aside the verdict was denied and judgment was entered dismissing the complaint. This appeal followed. Initially, plaintiffs contend that the trial court erred in excluding evidence of Miller's reputation for turbulence. We conclude, however, that while evidence of a party's reputation is admissible where his character is in issue

(e.g., actions based upon libel or slander), such evidence is not admissible where, as here, it is intended solely to create an inference as to who the aggressor was *(Noonan v Luther,* 206 NY 105, 108; *Zucker v Whitridge,* 205 NY 50, 64-65; 1 Wigmore, Evidence [3d ed], § 64). As to the admission of evidence of Miller's reputation on the issue of defendant's negligence, proof of specific acts of violence which defendant knew of or should have known of is required *(Park v New York Cent. & Hudson Riv. R. R. Co.,* 155 NY 215; Fisch, New York Evidence [2d ed], § 177, subd c), and plaintiffs' offer of proof failed to satisfy this requirement. Plaintiffs also contend that the trial court erred in dismissing the negligence causes of action. It is apparent, however, that plaintiffs were not prejudiced by the dismissal. Underlying both the negligence and intentional tort theories was the issue of whether Miller was the aggressor or retaliated with excessive force. The negligence theory would have been necessary only if Miller acted outside the scope of his employment, but the trial court charged, in essence, that Miller had acted within the scope of his employment and that defendant would therefore be liable for the action of its employee. Moreover, plaintiffs' proof on the issue of defendant's lack of due care in hiring, training and supervising its employee was insufficient to require submission to the jury. Similarly, plaintiffs' claims for punitive damages were properly dismissed for lack of proof. Plaintiffs' contention that the trial court's charge to the jury requires reversal is without merit. As to plaintiff's various request to charge which the court denied, it is readily apparent that either the evidence did not justify the requested charge or the charge given by the court adequately covered the material requested. Read as a whole, the trial court's charge adequately presented the legal principles to be applied and the factual issues to be determined by the jury. Moreover, these instructions cured any error that may have been committed when one of the witnesses was allowed to give his opinion, as an attorney, of the parties' rights to possession of the property on which the incident occurred. We have examined plaintiffs' remaining arguments concerning the trial court's refusal to allow rebuttal evidence or to allow evidence of the mental anguish of the plaintiff wife, and find them to be lacking in merit. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.