Peter Liberto, Appellant, v Worcester Mutual Insurance Company, Respondent.

Second Department, July 6, 1982

APPEARANCES OF COUNSEL

*Greenblatt, Forrester & Axelrod (Richard Greenblatt* of counsel), for appellant.

*Friedman, Maksail & Hirschen (Jeffrey N. Miller* of counsel), for respondent.

OPINION OF THE COURT

Lazer, J. P.

In this action to recover for a fire loss under a homeowners insurance policy, the carrier has raised the plaintiff's alleged arson as a defense. To support this defense, the insurer offered evidence purporting to demonstrate plaintiff's animosity toward his former wife as motivating the arson. Over plaintiff's objection, the trial court admitted in evidence the entire contents of certain Family Court files relating to proceedings brought against the plaintiff by his ex-wife. The files included letters written to the Family Court by the ex-wife and by plaintiff's daughter. The ex-wife's letter accused Liberto of assaults and threats to kill her while the daughter wrote that plaintiff

"[doesn't] act like a father, he acts more like an animal." Neither of the writers was called as a witness.

The carrier also adduced the testimony of a State Police investigator who declared that the police had investigated numerous complaints brought by the former wife accusing plaintiff of assault, harassment and disorderly conduct. Evidence of the incendiary origin of the fire was offered through the testimony of an expert. In response, plaintiff produced himself and three witnesses to attest to his presence away from the area of the house when the fire occurred. The jury found that the fire was the result of arson caused or produced by the plaintiff and judgment was entered in defendant's favor.

Among plaintiff's principal contentions on appeal is his claim that the Family Court files were erroneously admitted in evidence because the mentioned letters were inadmissible hearsay. The carrier denies that the letters were hearsay and argues that they were offered not for the truth of their contents, but to establish that they were written and for the effect of their utterances on plaintiff's state of mind.

We find no merit in the carrier's contention that the letters were admissible because their effect on plaintiff's mind was relevant to the issue of his motive to burn the house. Unquestionably, one's state of mind may be affected by the statements of others (see, e.g., *Barbagallo v Americana Corp.,* 25 NY2d 655; *Ferrara v Galluchio,* 5 NY2d 16; *People v Sutherland,* 154 NY 345; see, also, Richardson, Evidence [Prince, 10th ed], § 205; 6 Wigmore, Evidence [Chadbourn rev, 1976], § 1789), but here no effort was made to demonstrate the effect of the letters on plaintiff's state of mind. Indeed, it was not even shown that plaintiff knew of the wife's letter, and while he had seen the daughter's letter, he was not asked any questions concerning his feelings about that letter. It is apparent that the real purpose of the offer of the letters was the impermissible one of establishing plaintiff's bad character.

If plaintiff's alleged threats and assaults upon his former wife were themselves relevant to his motive for arson, they could only be so if true. The letters were not offered for

their truth, however, and they could not have been received for that purpose, in any event, unless some exception to the hearsay rule existed which warranted their admission. The letters were not business records under CPLR 4518 (subd [a]) since the declarants were not under a duty to furnish them (see *Matter of Leon RR,* 48 NY2d 117, 122-123; *Johnson v Lutz,* 253 NY 124; *Murray v Donlan,* 77 AD2d 337, 342-343; *Toll v State of New York,* 32 AD2d 47), and they were not admissible as governmental records under CPLR 4518 (subd [c]) because that section merely dispenses with the need for an authenticating witness when certain governmental records and writings are introduced (see *Matter of Quinton A.,* 68 AD2d 394, 399, revd on other grounds 49 NY2d 328). Admissibility under CPLR 4518 (subd [c]) is governed by the same standards as the general business record exception of CPLR 4518 (subd [a]) (see *People v Gower,* 42 NY2d 117; *People v Howard,* 79 AD2d 1064; *People v Meyers,* 72 Misc 2d 1003; Eighth Report of Judicial Conference to Legis, McKinney's Session Laws of NY, 1970, pp 2795-2796; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4518.26). The mere filing of the records certainly does not qualify them as business records (see *Standard Textile Co. v National Equip. Rental,* 80 AD2d 911). It is plain, then, that admission of the letters was prejudicial error.

In the same vein, the State Police investigator's testimony concerning the ex-wife's complaints to the police also constituted impermissible hearsay evidence of character. It scarcely bears repetition that the character of a party may not be shown in a civil case to prove that he acted in conformity with it in a certain situation (*McKane v Howard,* 202 NY 181; *Brennan v Commonwealth Bank & Trust Co.,* 65 AD2d 636; Richardson, Evidence [Prince, 10th ed], § 158). The insurer maintains, however, that the evidence of the former wife's complaints to the police was not offered as to character but to demonstrate plaintiff's motive for arson. Apart from any other evidentiary deficiency, the testimony was inadmissible on motive because it was double hearsay. The investigator did not personally receive the complaints but attained the knowledge only by looking at records made by other State Police employees who

received the oral complaints. The business records rule is not involved because no effort was made to offer the records.

In view of our disposition, it is unnecessary to reach any failure of the trial court to instruct the jury as to the limited purpose of the "motive" evidence. No question concerning this failure was raised at the trial and none has been raised on appeal.

Accordingly, there must be a reversal and a new trial.

MANGANO, J. (concurring). I concur in the majority's result for a very narrow reason.

Upon reviewing the record, I am convinced that the Family Court files and the testimony of State Police Investigator Crodelle were solely introduced to prove plaintiff's motive for causing or procuring by arson the fire of the subject premises. This evidence demonstrated that plaintiff and his former wife had been involved in a prolonged and bitter dispute, arising out of the deterioration and dissolution of their marriage. This dispute, and the animosity that fueled it, were apparent in the Family Court proceedings commenced by both parties — proceedings concerning support, child custody and visitation and allegations of family offenses. Similarly, the testimony of Investigator Crodelle that there were complaints filed with the State Police by plaintiff against his former wife and vice versa, charging harassment, assault and disorderly conduct, revealed the burning hatred that existed between them.

It is well settled that since direct proof of arson is seldom available, it can be established in civil cases by circumstantial evidence, and, specifically, by evidence that the accused arsonist had a motive for causing or procuring the fire by arson (*Anderson v General Acc. Fire & Life Assur. Corp.*, 58 AD2d 568; *V.F.V. Constr. Co. v Aetna Ins. Co.*, 56 AD2d 598; *Smimmo v American Union Ins. Co. of N.Y.*, 26 AD2d 861). In the instant matter, there was uncontradicted expert testimony that the fire was of incendiary origin. Beyond this, there was circumstantial evidence, which the jury was entitled to credit, and from which it could legitimately infer, that plaintiff set the fire. This

included evidence of plaintiff's debts which apparently could not be satisfied out of his annual income, but could be if he collected on his fire insurance claim. In addition to this circumstantial evidence of a financial motive, there was that of an emotional motive — the satisfaction to be gained in striking yet another, though, this time, a devastating, match in the inflammatory relationship between plaintiff and his former wife.

Since I view the evidence to which objection was taken as having been offered and admitted for the sole purpose of proving motive, I see no reason for the majority's holding that such evidence was violative of the hearsay rule. I also see no reason for the majority's discussion of CPLR 4518, the statutory business records exception to the hearsay rule. Hearsay is an out-of-court statement offered for the truth of the fact asserted (Richardson, Evidence [Prince, 10th ed], § 200, p 176). The evidence of the Family Court files and of the State Police complaints was not offered as a testimonial assertion, that is, for the truth of the facts contained in those documents. It was only offered to establish the fact that complaints had been made to the State Police and that litigation had been maintained by and between plaintiff and his former wife, evidencing their antagonism toward each other. Thus, the hearsay rule has no application, and any discussion of an exception to the rule is inapposite. Evidence of complaints by antagonists to a third party are admissible as proof of the mental attitudes of the combatants, and the animosity and discord existing between them, "[s]o long as the reports are not received for the purpose of establishing the truth of the complaints" (*Republic Aviation Corp. v Republic Lodge No. 1987, Int. Assn. of Machinists,* 10 Misc 2d 783, 794; see *Loetsch v New York City Omnibus Corp.,* 291 NY 308, 311-312; cf. *Matter of Bergstein v Board of Educ.,* 34 NY2d 318, 324).

Notwithstanding my view that the evidence of the Family Court files and of the State Police complaints was admitted solely on the issue of motive, and properly so, I must nevertheless vote to reverse and remand for a new trial. In the trial transcript I find no instruction to the jury that this evidence should be considered only as proof of

motive. The jury, therefore, could have readily interpreted this evidence as having been admitted for the truth of the facts asserted, rendering its use improper and prejudicial.

Accordingly, for the foregoing reasons, I concur with the majority's result and vote to reverse the judgment and remand the case for a new trial.

GIBBONS and O'CONNOR, JJ., concur with LAZER, J. P.; MANGANO, J., concurs in the result, with an opinion in which BROWN, J., concurs.

Judgment of the Supreme Court, Dutchess County, entered November 6, 1980, reversed, on the law, and new trial granted, with costs to abide the event.