■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NOREN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered July 16, 1984, convicting him of arson in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to a police officer.

Judgment affirmed.

The hearing court found that the defendant was advised of his constitutional rights and executed a knowing and intelligent waiver thereof prior to making any statements to Detective Ciappetta. As the evidence fully supported the court's findings, this court should accord due deference to the hearing court's determination *(see, People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726). The statements made at the station house were not obtained in violation of the defendant's constitutional rights, despite the fact that the defendant was not readvised as to the *Miranda* warnings, since the defendant had only shortly before waived those rights *(see, People v Crosby,* 91 AD2d 20, 29, *lv denied* 58 NY2d 974; *People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889). Furthermore, contrary to the defendant's contention, the People adduced sufficient corroborative proof of the defendant's admission pursuant to CPL 60.50. In this regard, the People demonstrated that: (1) the defendant was present at the scene of the crime only 12 to 15 minutes prior to its discovery, (2) the defendant had a motive for setting the fire, as only one week prior to the incident he had been fired by the firm which occupied the building in question, and (3) the fire was a product of human agency.

None of the defendant's other contentions warrants reversal. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.