■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered May 6, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court properly excluded police records of a 911 telephone call made by the defendant to the police in which the defendant claimed that the deceased had been shot by an unidentified male. In order for proof to qualify for admission into evidence under the business record exception to the hearsay rule (CPLR 4518 [a]), it must be demonstrated that the declarant was under a duty to report the occurrence to the entrant (see, Cover v Cohen, 61 NY2d 261; Matter of Leon RR, 48 NY2d 117; Johnson v Lutz, 253 NY 124; Liberto v Worcester Mut. Ins. Co., 87 AD2d 477). The defendant was under no duty to report the shooting to the police and the police records were properly excluded.

Furthermore, the defendant's statement did not fall within the spontaneous declaration exception to the hearsay rule. The defendant's telephone call to the 911 operator was re-

ceived at least five minutes after the shooting. Thus, when the defendant made his statement to the 911 operator he had had the time to reflect and possibly fabricate a story *(see, People v Edwards,* 47 NY2d 493; *People v Sostre,* 70 AD2d 40, *affd* 51 NY2d 958; *cf. People v Matos,* 107 AD2d 823).

Finally, the defendant's guilt was proved beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.