■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER VALLEJOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered March 22, 1984, convicting him of rape in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his videotaped statement made to an Assistant District Attorney.

Ordered that the judgment is affirmed.

The defendant contends that he did not understand his *Miranda* rights which were administered prior to the taking of his statement because they were not accurately translated into Spanish. Therefore, the defendant claims that the People failed to establish that he made a knowing and voluntary waiver of his constitutional rights. However, the hearing court's finding to the contrary is supported by the evidence and this court should accord due deference to its determination *(see, People v Prochilo,* 41 NY2d 759; *People v Noren,* 123 AD2d 453).

We find the trial court did not err in refusing to give a missing witness charge with respect to two police officers. There is no indication in the record that those officers' testimony would have added to or contradicted the testimony of the other witnesses *(see, People v Almodovar,* 62 NY2d 126, 132-133; *People v Rodriguez,* 38 NY2d 95; *People v Baldo,* 107 AD2d 751). Moreover, the record shows that at the time of trial, the officers were retired and their whereabouts were unknown. Thus, they were no longer under the People's control *(see, People v Rodriguez, supra).*

The trial court properly found that the police report which contained the complainant's statement did not qualify under the business record exception to the hearsay rule for admission in evidence *(see,* CPLR 4518 [a]; *Cover v Cohen,* 61 NY2d 261; *Matter of Leon RR,* 48 NY2d 117; *People v Wilson,* 123 AD2d 457).

Finally, we find that the instances of prosecutorial misconduct alleged by the defendant, some of which are unpreserved, did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Torres,* 121 AD2d 663). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.