■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OLMEDA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered December 14, 1978, convicting him of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The charges against the defendant stemmed from a shooting in a bar in which one person was killed and three others wounded. In a statement to the police, the defendant said he was paid to kill one of the victims. The hearing court denied that branch of the defendant's omnibus motion which was to suppress this statement, finding that he voluntarily and intelligently waived his rights prior to making the statement. Where, as here, the findings are supported by the evidence in the record, this court will not disturb the hearing court's determination (see, People v Prochilo, 41 NY2d 759; People v Noren, 123 AD2d 453).

At the pretrial hearing, the People conceded that a second, similar statement by the defendant to an Assistant District

Attorney should be suppressed because the defendant had invoked his right to counsel. Although this statement was not used on the People's direct case, we find no error in the court's admission of this statement for impeachment purposes once the defendant testified *(Harris v New York,* 401 US 222; *People v Washington,* 51 NY2d 214).

The defendant contends that he fired his gun in the bar in self-defense. Credibility issues are for the jury to resolve and its determination will ordinarily not be disturbed on appeal *(People v Bauer,* 113 AD2d 543, 551). Viewed in the light most favorable to the People, the evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932).

We find the defendant's remaining contentions to be without merit. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.