■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAUGHN JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered October 11, 1984, convicting him of assault in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, the court admitted into evidence the statement of a witness to the incident who did not testify. The statement had been taken and recorded by an officer in the course of his investigation of the incident on the date of its occurrence. The content of the statement was cumulative to other trial testimony, including that given by the defendant. Upon realizing that it had erred in admitting the statement, the court struck it from the record and instructed the jury accordingly.

Although it was error to admit the hearsay statement into evidence *(see, Matter of Leon RR,* 48 NY2d 117, 123; *People v Wilson,* 123 AD2d 457), its temporary admission does not warrant reversal. On this record, evidence of the defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230). Any potential prejudicial impact was minimal due to the cumulative nature of the statement's content and the instruction given by the court which served to deter the jurors from using the statement as evidence *(see, e.g., People v Gibbs,* 59 NY2d 930, 932; *People v Berg,* 59 NY2d 294, 299; *People v Galloway,* 54 NY2d 396, 399). When viewed in the light of these factors, the temporary admission of the statement into evidence was harmless *(see, People v Crimmins, supra).*

We have considered the defendant's remaining contentions, including those raised in his supplementary *pro se* brief and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.