■ VERMONT COMMISSIONER OF BANKING AND INSURANCE, Appellant, v WELBILT CORP., Respondent.—In an action to recover amounts allegedly due pursuant to deductible endorsements in three insurance policies issued to the defendant by the plaintiff's predecessor in interest (hereinafter the insurer), the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Hyman, J.), dated June 18, 1985, which, *inter alia,* granted the defendant's motion for judgment as a matter of law, after the close of the plaintiff's evidence, on the ground that the plaintiff failed to prove a prima facie case, and dismissed the complaint.

Ordered that the order and judgment is reversed, on the law and as an exercise of discretion, without costs or disbursements, the motion is denied, and the complaint is reinstated.

During the trial of this action, the plaintiff sought to introduce, in their entirety, three files related to three insurance policies issued to the defendant, pursuant to which the plaintiff sought to recover certain deductible amounts on claims paid by the insurer to the defendant under those three policies. The court would not admit these files into evidence on the ground that the plaintiff had not produced the file clerks and claims examiners who had handled the files. As the *plaintiff* could not then make out a prima facie case, the court granted the defendant's motion to dismiss the complaint. The plaintiff now appeals the court's evidentiary ruling which resulted in the dismissal of the complaint.

While it was unnecessary for the plaintiff to produce the file clerk who was the custodian of these records since a witness with personal knowledge of the insurer's relevant practices and procedures was produced *(see, Sabatino v Turf House,* 76 AD2d 945; *Matter of Brown v Murphy,* 43 AD2d 524), the plaintiff sought to introduce the *entire* contents of the policy folders, which contained numerous extraneous documents totally unrelated to the instant claims, without demonstrating that each of the documents in the three files qualified as a business record pursuant to CPLR 4518. Although this was improper *(see, Matter of Leon RR.,* 48 NY2d 117; *Liberto v Worcester Mut. Ins. Co.,* 87 AD2d 477, *lv dismissed* 58 NY2d 605), we find that the plaintiff laid a proper foundation for the introduction of the policy file folders (but not their contents), which were stamped with the claim numbers assigned by the insurer to the claims made under these policies. While the plaintiff did not seek to introduce just these file folders stamped with the claim numbers, in the exercise of discretion, those file folders, but not their contents, should be admitted into evidence, since the plaintiff's witness testified that the policy file folders were marked with the claim numbers corresponding to the separate claims files in the regular course of the plaintiff's business and that it was the regular course of the plaintiff's business to make such entries. Therefore, we deny the defendant's motion for judgment as a matter of law after the close of the plaintiff's evidence based on the plaintiff's failure to make out a prima facie case.

We note that the court incorrectly indicated that the plaintiff, as part of its prima facie case, had to prove that it acted in good faith in settling the claims underlying the instant action. The defendant raised the issue of the plaintiff's bad faith as an affirmative defense, and the insured must establish the insurer's bad faith in settlement negotiations *(see, Guarantee Ins. Co. v City of Long Beach,* 106 AD2d 428). Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.