■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIACOMINO VALENTI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered December 5, 1986, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement personnel.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The statement of a coperpetrator implicating the defendant in the commission of the robbery, which was verified by information obtained from a person familiar with the facts of the crime, provided the police with probable cause for the defendant's arrest *(see, People v Berzups,* 49 NY2d 417; *People v Richardson,* 133 AD2d 784, 785; *People v Brown,* 130 AD2d 585, *lv denied* 70 NY2d 709; *People v White,* 109 AD2d 859). Moreover, the warrantless arrest of the defendant in the driveway of his girlfriend's residence was not improper *(see,*

*People v Kozlowski,* 69 NY2d 761; *People v Minley,* 68 NY2d 952).

We further note that the hearing court's findings that the defendant had been adequately advised of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and voluntarily chose to waive them, and that the defendant's statements had not been induced by fraud or coercion are supported by the record *(see, People v Vallejos,* 125 AD2d 352, *lv denied* 69 NY2d 834). We therefore conclude that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress oral and written statements made to the police following his arrest.

Finally, we find no reason to disturb the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.