(November 27, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORREL BLANCHARD, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered August 7, 1989, upon a verdict convicting defendant of the crimes of burglary in the second degree and unlawful imprisonment in the first degree.

Defendant was charged with burglary in the first degree and kidnapping in the second degree as the result of a September 3, 1988 incident in Clinton County. At trial, Vicky Martineau testified that she lived with defendant from January 1988 until July 27, 1988 when she obtained an order of protection against defendant; that on September 3, 1988, defendant awakened her in her residence at 3:30 A.M. and stayed with her until 7:30 A.M.; that he made her get dressed, tied her arms with a rope, urged her with a knife to her car and then drove her to his sister's house, where he continued to restrain her until the State Police eventually arrived.

Defendant testified that he and Martineau saw each other several times after July 27, 1988 and that he visited her on the evening of September 2, 1988 at her request. He denied

tying Martineau, threatening her with a knife or driving her car, and stated that everything was normal and pleasant between them while they were at his sister's house. Orrel Blanchard, Sr., defendant's father, stated that he went to the house on September 3, 1988 after defendant's sister told him that defendant might hurt himself, but arrived to find everyone drinking coffee and laughing. On cross-examination, Blanchard denied calling the police. Over defense counsel's objection, County Court received rebuttal evidence of a police blotter entry indicating that a phone call was made to the police by a male who identified himself as Blanchard and stated that his "son [was] holding [Martineau] against her will". The jury found defendant guilty of burglary in the second degree and unlawful imprisonment in the first degree, and defendant was sentenced as a second felony offender to prison terms aggregating 7½ to 15 years. Defendant now appeals.

The judgment of conviction should be affirmed. Initially, the merger doctrine, applicable only when the conduct underlying the kidnapping or unlawful imprisonment charge is incidental to and inseparable from another crime *(see, People v Cain,* 76 NY2d 119, 125; *People v Cassidy,* 40 NY2d 763, 767), does not require reversal of defendant's conviction for unlawful imprisonment. Here, where the crime of burglary was "committed prior to the asportation of the victim" *(People v Stein,* 119 AD2d 605, 605-606, *lv denied* 67 NY2d 1057; *see, People v Shay,* 60 AD2d 698) and defendant's "additional activity" of restraining Martineau and taking her to his sister's house "continued well beyond" the burglary and constituted an "independent crime" *(People v Riley,* 70 NY2d 523, 532), the rule should not be applied.

Next, we reject defendant's challenge to the police blotter entry with respect to the alleged phone call by Blanchard. Although the entry was not admissible under the business record exception to the hearsay rule because the declarant had no duty to report the occurrence to the entrant *(see, Cover v Cohen,* 61 NY2d 261, 274; *Johnson v Lutz,* 253 NY 124; *People v Vallejos,* 125 AD2d 352, *lv denied* 69 NY2d 834; *People v Wilson,* 123 AD2d 457, *lv denied* 70 NY2d 659), it was properly received for the limited purpose of showing that a phone call had been made by an individual identifying himself as Orrel Blanchard, Sr., and not for its truth *(see, People v O'Briskie,* 46 AD2d 779; *Hall v Plymouth Discount Corp.,* 23 AD2d 835; McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518 [1991 Supp

Pamph], at 420-421). Similarly lacking in merit is defendant's argument that the blotter entry, admitted as an inconsistent statement to impeach the credibility of Blanchard, must be received for its truth if it is to be admitted at all *(see,* CPL 60.35 [2]; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.35, at 538-539; Richardson, Evidence § 501, at 487-488 [Prince 10th ed]). It is the traditional rule that inconsistent statements admitted for impeachment purposes are not received for their truth *(see,* Richardson, Evidence § 501, at 487 [Prince 10th ed]).

We have examined defendant's remaining contentions, including his claim that the sentence is excessive, and find them to be without merit.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.