■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY VOLITON, Appellant. [597 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered June 11, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal facilitation in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and the defendant's written statement.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. It is clear that the initial stop of the defendant's vehicle was lawful since the police officers observed him commit a traffic violation *(see, People v Ellis,* 62 NY2d 393; *People v Coggins,* 175 AD2d 924). Further, we find that the conduct of the police officers upon the lawful stop of the vehicle was in all respects proper *(see, Pennsylvania v Mimms,* 434 US 106; *People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *People v Belton,* 55 NY2d 49; *People v McRay,* 51 NY2d 594, 604-605; *People v Clark,* 172 AD2d 848).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the written statement he gave to the police. The record supports the Supreme Court's findings that the defendant had been advised of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), and voluntarily chose to waive them, and that the defendant's statement was not induced by fraud or coercion on the part of police personnel *(see, People v Valenti,* 143 AD2d 955).

Further, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.