OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
*11 In this small claims action, plaintiff sought to recover $5,000 which she had allegedly loaned to defendant. At trial., plaintiff testified that defendant had promised to repay the loan, which had been made pursuant to an alleged oral agreement. Defendant testified that no such loan had ever been made. To further establish the fact of the loan, plaintiff presented a document, a small claims complaint form, which, she alleged, was signed by defendant, and in which he acknowledged his $5,000 debt to plaintiff. When defendant denied having signed the document, which was never filed in court, plaintiff submitted other documents purportedly signed by defendant. Defendant agreed that the signature on a retainer agreement, which was offered into evidence by plaintiff, was his, but stated that the signature on the complaint form was a forgery. After hearing the testimony of the parties and examining the documents in question, the court concluded that the signature on the complaint form was defendant’s, and awarded plaintiff the sum of $5,000.
Our review is limited to determining whether “substantial justice [was] done between the parties according to the rules and principles of substantive law” (UDCA 1807). Even if an appellate court differs with the small claims court on an arguable point of fact or law, reversal is not warranted absent a showing that there is no support in the record for the trial court’s conclusions or that they are otherwise so clearly erroneous as to deny substantial justice (see Payne v Biglin, 2 Misc 3d 127[A], 2003 NY Slip Op 51694[U] [App Term, 9th & 10th Jud Dists 2003]). Moreover, the deference which is normally accorded the credibility determinations of a trial court “applies with greater force” in small claims proceedings, given the limited scope of review and the often attenuated record available on appeal (see Williams v Roper, 269 AD2d 125, 126 [2000]).
In the instant case, after hearing the testimony before it, the court apparently found plaintiffs version of the facts to be more credible than defendant’s version. CPLR 4536 authorizes the comparison of a disputed writing to be mat ? “with any writing proved to the satisfaction of the court to be the handwriting of the person claimed to have made the disputed writing,” and, in a bench trial, the court itself may make the comparison (see Ibanez v Pfeiffer, 76 Misc 2d 363 [1973]). Since defendant acknowledged that the signature on the retainer agreement was in fact his signature, the writing offered as a standard of comparison was conceded to be genuine (see People v Molineux, 168 NY 264 [1901]). In our opinion, the court properly deter *12 mined that the signature of defendant on the retainer agreement was sufficiently similar to the signature on the small claims complaint form, in which defendant acknowledged the $5,000 debt, to warrant the conclusion that the documents were signed by the same person. Thus, it cannot be said that substantial justice was not done between the parties (UDCA 1807).
Rudolph, P.J., McCabe and Tanenbaum, JJ., concur.