■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALFONSO DEWITT, Appellant. [743 NYS2d 344] —Appeal from a judgment of Cayuga County Court (Corning, J.), entered December 21, 2000, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The knowing, intelligent and voluntary waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution and

the severity of the sentence (*see People v Morgan,* 275 AD2d 970, *lv denied* 96 NY2d 761). The waiver further encompasses his contention that he was denied his statutory right to a speedy trial under CPL 30.30 (*see People v Grandberry,* 223 AD2d 723, *lv denied* 87 NY2d 1020). That contention was also forfeited by his plea of guilty (*see People v O'Brien,* 56 NY2d 1009, 1010), as was the contention relating to the evidence of defendant's guilt (*see People v Negron,* 280 AD2d 780, 781, *lv denied* 96 NY2d 832, citing *People v Taylor,* 65 NY2d 1, 5).

The contentions of defendant that he was denied his constitutional right to a speedy trial and his due process right to prompt prosecution survive both the waiver of the right to appeal and the guilty plea (*see People v Smith,* 272 AD2d 679, 681, *lv denied* 95 NY2d 938; *Grandberry,* 223 AD2d 723). However, "review of the constitutional issue[s] is precluded by the lack of an adequate record which it was defendant's burden to provide" (*People v James,* 188 AD2d 296, 296). To the extent that the record permits review of the contentions that defendant was denied his constitutional right to a speedy trial and his due process right to prompt prosecution, we conclude that they are lacking in merit (*see People v Vernace,* 96 NY2d 886, 887-888).

Defendant expressly reserved the right to appeal with respect to the denial of his motion seeking suppression of statements and tangible evidence obtained by the police as the result of a traffic stop and the ensuing search of the vehicle in which he was a passenger. County Court properly denied the motion. The police officer was justified in stopping the vehicle based upon his observation that it had no rear license plate (*see People v Johnson,* 178 AD2d 549, 550, *lv denied* 79 NY2d 920). Following the stop, the officer had an objective, credible reason to request information from defendant and the driver concerning their identities and the origin, destination and purpose of their trip (*see People v Valerio,* 274 AD2d 950, 951, *affd* 95 NY2d 924, *cert denied* 532 US 981). In response to the request, the driver produced false identification. In addition, the officer noted that the model years on the temporary vehicle registration card and the bill of sale for the vehicle did not match, and defendant's account of the origin of the trip was inconsistent with the New York State Thruway toll ticket that was visible inside the vehicle. At that point the officer "possessed a founded suspicion of criminality justifying a common-law inquiry in the form of a request for defendant to consent to a search of the vehicle" (*People v Battaglia,* 86 NY2d 755, 756; *see Valerio,* 274 AD2d at 951). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.