The People of the State of New York, Respondent, v Robbin Egan, Appellant. (Appeal No. 2.) [775 NYS2d 714]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 7, 2002. The judgment convicted defendant, upon her plea of guilty, of issuing a bad check (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of three counts of issuing a bad check (Penal Law § 190.05). Contrary to the contention of defendant, the waiver of her right to appeal was effective even

though it was not in writing, and we conclude that the waiver was knowingly, intelligently, and voluntarily entered (*see People v Jordan*, 4 AD3d 796 [2004]). The waiver encompasses her contention that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30 and, in any event, that contention is forfeited by the guilty plea (*see People v Dewitt*, 295 AD2d 937, 938 [2002], *lv denied* 98 NY2d 709, 767 [2002]; *People v Grandberry*, 223 AD2d 723 [1996], *lv denied* 87 NY2d 1020 [1996]). The contention of defendant that her constitutional right to a speedy trial was violated survives her waiver of the right to appeal and her guilty plea (*see Dewitt*, 295 AD2d at 938), but we conclude that the contention lacks merit (*see generally People v Taranovich*, 37 NY2d 442, 444-445 [1975]). Defendant further contends that County Court erred in reviewing the "pre-plea investigation report" before she had entered her guilty plea. That contention involves a nonconstitutional, nonjurisdictional defect that does not survive the guilty plea (*see People v Hansen*, 95 NY2d 227, 231-232 [2000]; *People v Fernandez*, 67 NY2d 686, 688 [1986]) and, in any event, that contention is encompassed by the waiver of the right to appeal (*see generally People v Seaberg*, 74 NY2d 1, 7-10 [1989]; *People v Montes*, 302 AD2d 610 [2003], *lv denied* 100 NY2d 564 [2003]; *People v Jones*, 284 AD2d 1010 [2001]). The contentions of defendant in her pro se supplemental brief are either encompassed by her valid waiver of the right to appeal (*see generally Seaberg*, 74 NY2d 1, 7-10 [1989]), forfeited by her guilty plea (*see generally People v Robertson*, 279 AD2d 711, 712 [2001], *lv denied* 96 NY2d 805 [2001]), based on matters outside the record, or lacking in merit. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.