■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK JOSEY, Appellant. [807 NYS2d 309]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 1, 2004 (*People v Josey,* 5 AD3d 398 [2004]), affirming a judgment of the Supreme Court, Queens County, rendered September 6, 2001.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Florio, J.P., Adams, Cozier and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIN THURMOND, Appellant. [811 NYS2d 713]—

Appeal by the defendant from two judgments of the County Court, Nassau County (Honorof, J.), both rendered July 1, 2004, convicting him of robbery in the second degree, robbery in the third degree, and attempted robbery in the third degree under indictment No. 1692N/03, and criminal possession of a forged instrument in the second degree under indictment No. 1937N/03, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant knowingly, voluntarily, and intelligently entered into the plea agreements, and concomitantly waived his right to appeal both his convictions and sentences. Since the defendant's claim that he should be afforded a second opportunity to challenge certain comments made about him in the pre-sentence report is not one that calls into question the legality of the sentences imposed, the claim is foreclosed from appellate review (*see People v Callahan,* 80 NY2d 273 [1992]; *People v Brathwaite,* 263 AD2d 89 [2000]; *People v Egan,* 6 AD3d 1206 [2004]; *see also People v Hansen,* 95 NY2d 227 [2000]; *People v Fernandez,* 67 NY2d 686 [1986]). Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.