■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERNELL SMITH, Appellant. [849 NYS2d 851]—Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered August 8, 2006. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of assault in the second degree (Penal Law § 120.05 [7]), defendant contends that he was denied his constitutional right to a speedy trial and his due process right to prompt prosecution. Defendant failed to move to dismiss the indictment on those grounds, however, and thus failed to preserve that contention for our review (*see People v Cedeno*, 52 NY2d 847 [1981]; *People v Peck*, 31 AD3d 1216 [2006], *lv denied* 9 NY3d 992 [2007]; *People v Robinson*, 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Dewitt*, 295 AD2d 937, 938 [2002], *lv denied* 98 NY2d 709, 767 [2002]). "In any event, review of the constitutional issue[s] is precluded by the lack of an adequate record[,] which it was defendant's burden to provide" (*People v James*, 188 AD2d 296 [1992]; *see Dewitt*, 295 AD2d at 938).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of assault on a peace officer (Penal Law § 120.08), and it must therefore be amended to reflect that he was convicted of two counts of assault in the second degree (§ 120.05 [7]; *see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.