■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID OLIVERI, Appellant. [856 NYS2d 354]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal

Law § 130.35 [1]). Contrary to the contention of defendant, his waiver of the right to appeal was effective despite the fact that it was not reduced to writing, and we otherwise conclude that the waiver was knowingly, voluntarily, and intelligently entered (*see People v Egan*, 6 AD3d 1206, 1206-1207 [2004], *lv denied* 3 NY3d 639 [2004]; *People v Willis*, 2 AD3d 1322 [2003], *lv denied* 2 NY3d 748 [2004]). The waiver by defendant of the right to appeal encompasses his challenge to Supreme Court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833 [1999]), as well as his contentions that the indictment is not supported by legally sufficient evidence and that he was denied due process during pretrial procedures (*see People v Simms*, 269 AD2d 788 [2000], *lv denied* 94 NY2d 952 [2000]).

Although a defendant's jurisdictional challenge survives both a guilty plea and waiver of the right to appeal (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]; *People v June*, 30 AD3d 1016, 1017 [2006], *lv denied* 7 NY3d 813, 868 [2006]), here we reject defendant's jurisdictional challenge. The court acquired jurisdiction pursuant to a grand jury indictment, and defendant challenges jurisdictional defects in the felony complaints rather than in the indictment. By pleading guilty, defendant forfeited his contention with respect to the defense of the statute of limitations (*see People v Hayes*, 39 AD3d 1173, 1175 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Gerber*, 182 AD2d 252, 260-261 [1992], *lv denied* 80 NY2d 1026 [1992]). Although the further contention of defendant that he was denied his constitutional right to a speedy trial survives both his waiver of the right to appeal and his plea of guilty (*see Egan*, 6 AD3d at 1207), defendant has raised that contention for the first time on appeal and therefore has failed to preserve it for our review (*see People v Robinson*, 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]). The contention of defendant that he was denied effective assistance of counsel "does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Dean*, 48 AD3d 1244, 1245 [2008] [internal quotation marks omitted]).

In addition, by pleading guilty, defendant forfeited his contentions with respect to alleged discovery violations, preindictment prosecutorial misconduct, and the People's failure to preserve evidence (*see People v Di Raffaele*, 55 NY2d 234, 240 [1982]; *People v Mayo*, 45 AD3d 1361, 1362-1363 [2007]; *Gerber*, 182 AD2d at 260-261). We have reviewed defendant's remaining contentions and conclude that none requires reversal. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.