■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CLARK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered November 23, 1988, convicting him of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, a passenger in a vehicle which he concedes was lawfully stopped, opened the glove compartment to retrieve the registration in apparent response to the request that the driver produce a license and registration. In the process, the defendant pulled out with the registration a glassine package containing green vegetable matter which the arresting State Trooper testified he believed, based on his training and experience, to be marihuana. The defendant was ordered out of the vehicle, thus revealing on the passenger seat a vial of a white powdery substance which the trooper believed to be cocaine. The defendant and the driver were placed under arrest and a pat-down search of defendant produced more contraband, as did an ensuing search of the console area near the passenger seat.

Although the defendant contends otherwise, the conduct of the State Troopers upon the lawful stop of the vehicle was in all respects proper (see, Pennsylvania v Mimms, 434 US 106; People v Robinson, 74 NY2d 773, cert denied 493 US 966; cf., People v Singleton, 41 NY2d 402; see also, Chimel v California, 395 US 752; People v Belton, 55 NY2d 49). The County Court thus properly denied the defendant's motion to suppress physical evidence. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.