■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ANTHONY, Appellant. [595 NYS2d 333] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered November 19, 1990, convicting him of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree (two counts), and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Despite the defendant's arguments, we find that the County Court properly denied suppression of physical evidence. It is clear that the initial stop of the vehicle was lawful since the police officers observed its driver commit a traffic violation (see, People v Ellis, 62 NY2d 393; People v Coggins, 175 AD2d 924). Further, we find that the conduct of the police officers upon the lawful stop of the vehicle was in all respects proper (see, People v Robinson, 74 NY2d 773, cert denied 493 US 966;

*People v Belton,* 55 NY2d 49; *People v McRay,* 51 NY2d 594, 604-605; *People v Clark,* 172 AD2d 848).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.