■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODY ALLEN, Appellant. [602 NYS2d 173] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 17, 1986, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated January 28, 1992, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant was charged with murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree in connection with the robbery and shooting of a 76-year-old man next to Kaiser Park in Coney Island, Brooklyn. As part of the defendant's pretrial omnibus motion, he requested that the District Attorney file a bill of particulars setting forth, *inter alia,* "any and all reports, or scientific tests relative to the investigation of this case". In their answer, the People stated that a gun was recovered from the murder scene, and that it was tested and found to be loaded and operable. The answer further stated that the results of any additional tests would be provided when available. Although the People subsequently had the gun test-fired, and determined through scientific testing that the bullet recovered from the victim was the bullet fired from the gun found at the scene, the defense was not informed of this until a week prior to trial. At that time, the gun had already been inadvertently destroyed by the Property Clerk's Office of the New York City Police Department, which generally did not keep "investigatory evidence" for more than one year.

We reject the defendant's contention that evidence of the ballistics tests conducted on the murder weapon should have been precluded because the gun had been destroyed by the time the People disclosed the existence of the tests to him. The determination of an appropriate sanction for the destruction of discoverable evidence is committed to the trial court's sound discretion, and while the degree of prosecutorial fault

may be considered, the court should focus primarily on the overriding need to eliminate prejudice to the defendant *(see, People v Martinez,* 71 NY2d 937; *People v Kelly,* 62 NY2d 516; *People v Riviere,* 173 AD2d 871). We conclude that there was no prejudice to the defendant, and thus, the court properly exercised its discretion in not imposing a sanction. The record clearly establishes that the destruction was inadvertent and the prosecutor did not act in bad faith. Additionally, the bullet recovered from the victim and the bullets test-fired from the gun found at the scene were available at the time the defendant was notified of the results of the ballistics tests, so that he could have conducted his own testing to determine whether the bullet recovered from the victim was fired from the gun found at the scene.

The defendant's remaining contentions, including those raised on the appeal from the denial of his CPL 440.10 motion, are either unpreserved for appellate review or without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.