(August 18, 1994)

■ The People of the State of New York, Respondent, v Chris Gibbs, Appellant. [615 NYS2d 394] —Judgment, Supreme

Court, New York County (Richard B. Lowe, III, J.), rendered June 8, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 5 to 15 years, affirmed.

Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence, which included the testimony of the undercover officer that defendant sold him cocaine and that he identified defendant at the precinct shortly after his arrest; the testimony of the arresting officer that defendant matched the description transmitted by the undercover officer; and the fact that defendant was arrested with $5 of the $15 in prerecorded money given to him by the undercover officer. It was not unreasonable for the jury to discredit defendant's account of how he came into possession of the prerecorded money. Concerning the People's failure to preserve the cocaine, we find that the permissive adverse inference charge given by the court was an appropriate exercise of discretion under the circumstances (see, *People v Martinez*, 71 NY2d 937). Concur—Kupferman, Williams and Tom, JJ.

Asch, J., concurs in the memorandum for the majority and in a separate memorandum, and Murphy, P. J., dissents in a memorandum, all as follows:

Asch, J. (concurring). I agree with the short memorandum for the court. I would only add that the People demonstrated that the error was unintentional, and further, that defendant had not asked to inspect or test the drugs before the trial.

Murphy, P. J. (dissenting). I would reverse and remand for a new trial.

The three vials of crack cocaine allegedly purchased from defendant-appellant were destroyed by the police after the case against another defendant arrested at the same time as appellant had concluded. The police laboratory report on the allegedly destroyed evidence was introduced, over objection. The court gave the following adverse inference charge to the jury with respect to the destroyed evidence:

"Under our law, the People have the burden of preserving evidence. You've heard testimony from a police officer in this case, the drugs had been destroyed and there was a failure on the part of the People to preserve those drugs and that evidence.

"You may consider the failure of the People to preserve this physical evidence in determining the weight to be given to the testimony. However, the failure of the People to preserve this

evidence, the law permits, but does not require you to infer if you believe it proper to do so that had the drugs been preserved its' contents would not support or would even contradict the testimony of the People's witnesses on that issue.

"You may also, under our law, consider the explanation offered during the trial by the People for the failure to preserve the drugs. And if the explanation satisfies you, then you may disregard the People's failure to preserve this evidence."

This charge to the jury on the inference to be drawn with respect to the failure to preserve evidence was inadequate to eliminate the prejudice to the defendant from the destruction of the evidence. Where, as here, the defendant denied all connection to the illicit transaction, and there was no evidence either that the drugs were found upon him or vouchered to him, the court should have instructed the jury to draw an adverse inference to the effect that the failure of the People to preserve the evidence for defendant's trial justified an inference that the drugs were not, in fact, traceable to him.