■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BRISTER, Appellant. [658 NYS2d 362] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 7, 1995, convicting him of criminal possession of a weapon in the third degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the defendant assaulted his former girlfriend, he went to a nearby park. At about this time, two 911 emergency calls were made and recorded. The first call was from the defendant's former girlfriend indicating that she had just been assaulted by the defendant. The second call was from an anonymous caller who stated that a man was in the park shooting a gun. The Sprint recording of this 911 call also contained information regarding the arrest of the defendant as well as communications between police officers. Prior to trial, the prosecutor, unaware that two 911 recordings were involved, subpoenaed only the first 911 call. The second 911 tape was subsequently destroyed in accordance with police procedure. The defendant did receive, however, a Sprint printout of the substance of the destroyed tape recording. In its instructions to the jury, the court delivered an adverse inference charge as a sanction for the People's negligence in failing to preserve the recording.

Contrary to the defendant's contentions, the court did not err when, as part of its adverse inference charge, it included the People's explanation as to why they failed to preserve the missing 911 Sprint tape. The jury was simply permitted to consider the People's explanation as to how the tape came to be destroyed, and was not required to draw an adverse infer-

ence against the People if it accepted their explanation. Such a permissive adverse inference charge was an appropriate exercise of the court's discretion under the circumstances of this case (see, People v Gibbs, 85 NY2d 899; People v Apergis, 200 AD2d 388, 389). In fact, the court could have declined to give any adverse inference charge because there was no evidence of prejudice to the defense and the defendant acknowledged that there was no bad faith on the part of the People (see, People v Kelly, 62 NY2d 516; People v Martinez, 71 NY2d 937; People v Gibbs, 211 AD2d 641).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.