■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY ALEXANDER, Appellant. [680 NYS2d 75] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered June 26, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument, and sentencing her, as a second felony offender, to a term of 5 to 10 years concurrent with three prison terms of 1 year, unanimously affirmed.

The court appropriately exercised its discretion in denying defendant's motion for a mistrial based upon a prosecution witness's revelation that the buyer to whom defendant had allegedly sold drugs had pleaded guilty to possession of drugs, as part of the explanation as to why the drugs had inadvertently been destroyed prior to trial, a fact of little significance in the context of the issues raised at trial. The court's curative instruction striking the testimony from the record rectified any harm caused to defendant and the jury is presumed to have followed the court's instructions (*see, People v Shellman*, 200 AD2d 403, 404, *lv denied* 83 NY2d 858).

The adverse inference instruction given by the court as a sanction for the prosecution's inadvertent destruction of drugs sold by defendant was appropriate and adequate (*People v Kelly*, 62 NY2d 516, 520; *People v Gibbs*, 207 AD2d 288, *affd* 85 NY2d 899).

The court's supplemental instruction to the jury was proper. The court's discussion, for the first time, of the concept of constructive possession was a proper response to the jury's request for an explanation of "possession", where the drugs in question were not found in defendant's physical possession (*see, People v Almodovar*, 62 NY2d 126, 131; *People v Malloy*, 55 NY2d 296, 303).

We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.