■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELGADO, Appellant. [722 NYS2d 386] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered April 13, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Even if we were to review defendant's unpreserved claim that the evidence failed to prove that the sale occurred on school grounds, we would find that the record clearly established that the sale occurred within two blocks of the school in question, in "an area accessible to the public" within the meaning of Penal Law § 220.00 (14).

Defendant's challenge to the language employed by the court in the adverse inference charge it delivered as a sanction for the undercover officer's loss of her Daily Activity Report is unpreserved (*People v Whalen*, 59 NY2d 273, 280), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge conveyed the proper standards, including the permissive nature of an adverse inference charge (*see*, *People v Martinez*, 71 NY2d 937; *People v Brister*, 239 AD2d 513, *lv denied* 90 NY2d 938; *People v Gibbs*, 207 AD2d 288, *affd* 85 NY2d 899).

We perceive no basis for reduction of sentence. Concur— Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.