Appeal from a judgment of Wayne County Court (Kehoe, J.), entered April 23, 2002, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree and assault in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and assault in the second degree (§ 120.05 [3]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea allocution is factually insufficient (see People v Lopez, 71 NY2d 662, 665 [1988]). We conclude that the plea al *1020 locution does not “cast[ ] significant doubt upon the defendant’s guilt or otherwise call[ ] into question the voluntariness of the plea” and thus defendant’s contention does not fall within the rare case exception to the preservation doctrine (id. at 666). Defendant’s further contentions concerning the legal and facial insufficiency of the arrest warrant are nonjurisdictional in nature and thus were forfeited by operation of law upon entry of the guilty plea (see People v Keizer, 100 NY2d 114, 122-123 [2003]; People v Hansen, 95 NY2d 227, 230-231 [2000]). Although the contention of defendant that he was denied his constitutional right to a speedy trial survives the guilty plea, defendant raises that contention for the first time on appeal and therefore failed to preserve it for our review (see People v Weeks, 272 AD2d 983 [2000], lv denied 95 NY2d 872 [2000]; see also People v Johnson, 305 AD2d 1097 [2003]; People v Blackshear, 275 AD2d 966, 967 [2000], lv denied 96 NY2d 756, 916 [2001]). In any event, that contention is without merit.
We reject the contention of defendant that County Court erred in denying his request for new counsel based on defense counsel’s alleged conflict of interest. We conclude that the court properly explored the potential conflict of interest and determined that defendant failed to establish that “ ‘the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation’ ” (People v Abar, 99 NY2d 406, 409 [2003]). The sentence is neither unduly harsh or severe. We have reviewed defendant’s remaining contention and conclude that it is without merit. Present—Pigott, Jr., PJ., Green, Scudder and Hayes, JJ.