THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD MAYO, III, Appellant. [804 NYS2d 163]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), entered January 2, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). As the People correctly concede, the waiver of indictment and superior court information are defective and, therefore, the plea is a nullity and must be vacated. Where, as here, a defen-

dant is charged with a class A felony, the defendant cannot validly waive indictment or consent to be prosecuted by a superior court information (*see* CPL 195.10 [1] [b]; *People v Trueluck*, 88 NY2d 546, 549-550 [1996]; *People v Ulloa*, 260 AD2d 212 [1999]; *People v Ford*, 159 AD2d 933, 934 [1990]). Thus, we reverse the judgment, vacate defendant's plea and waiver of indictment, dismiss the superior court information and remit the matter to County Court for further proceedings consistent with our decision herein. Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.