■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORGIO HERNANDEZ, Appellant. [808 NYS2d 411]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered November 25, 2002, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the adverse inference charge given by the court with respect to the People's failure to preserve the clothing and sneakers the police found at the scene

of the crime was inadequate to remedy the prejudice to him from the lack of that evidence at trial is without merit. The court, in giving a permissive rather than a mandatory adverse inference charge, providently exercised its discretion, since the charge as given was sufficient to dispel any prejudice (*see People v Simon*, 295 AD2d 457 [2002]; *People v Gibbs*, 207 AD2d 288 [1994], *affd* 85 NY2d 899 [1995]).

The defendant also argues that he was deprived of a fair trial by the court's refusal to give an adverse inference charge with respect to the People's failure to preserve for his second trial a watch that had been recovered from his pants pocket. As the defendant correctly argues, the People have an obligation to preserve evidence "until all appeals have been exhausted" (*People v Brown*, 196 AD2d 465, 466 [1993]; *see People v Watkins*, 189 AD2d 623 [1993]; *People v Trama*, 167 Misc 2d 93 [1995]) and, therefore, the watch should have been preserved after the first trial. However, because photographs of the watch were offered at the second trial, there was no prejudice to the defendant from the absence of the actual watch. The court providently exercised its discretion in declining to impose a sanction for the People's failure to preserve the watch (*see People v Brister*, 239 AD2d 513 [1997]; *People v Gibbs*, 211 AD2d 641 [1995]; *People v Allen*, 196 AD2d 876 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.