■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE J. BARNES, Appellant. [837 NYS2d 817]—Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered March 24, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted reckless endangerment in the first degree (Penal Law §§ 110.00, 120.25). The contention of defendant that he was denied his statutory right to a speedy trial does not survive his waiver of the right to appeal and, in any event, was forfeited by his guilty plea (*see People*

*v Tracey*, 13 AD3d 1174 [2004], *lv denied* 4 NY3d 836 [2005]). Although the contention of defendant that he was denied his constitutional right to a speedy trial survives both the waiver of the right to appeal and the guilty plea (*see id.*), we reject that contention inasmuch as defendant has failed to establish any prejudice resulting from the alleged delay (*see generally People v Taranovich*, 37 NY2d 442, 444-445 [1975]; *People v Cintron*, 7 AD3d 827 [2004]). To the extent that the contention of defendant that he was denied effective assistance of counsel survives the guilty plea and the waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that it is without merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, defendant's challenge to County Court's suppression ruling is encompassed by the waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]). Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.