■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD MAYO, III, Appellant. [845 NYS2d 588]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered May 5, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress statements, observations and tangible evidence obtained during a search of defendant's vehicle. We reject that contention. Defendant's vehicle was lawfully stopped based on a traffic violation and, "[o]nce the Trooper observed what he believed to be marihuana, which was in plain view, the police had the right to conduct a thorough search of the vehicle for additional contraband and the fruits, instrumentalities, or evidence of the crime in question" (*People v Brown*, 116 AD2d 727, 729 [1986]; *see People v Clark*, 172 AD2d 848 [1991], *lv denied* 78 NY2d 964 [1991]; *see also People v Bowers*, 210 AD2d 795 [1994]; *see generally People v Belton*, 55 NY2d 49, 54-55 [1982], *rearg denied* 56 NY2d 646 [1982]).

Defendant further contends that he was denied his statutory and constitutional rights to a speedy trial. "When defendant entered a plea of guilty he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30" (*People v O'Brien*, 56 NY2d 1009, 1010 [1982]; *see People v Thill*, 52 NY2d 1020, 1021 [1981], *cert denied* 454 US 829 [1981]; *People v Barnes*, 41 AD3d 1309 [2007]; *People v Tracey*, 13 AD3d 1174 [2004], *lv denied* 4 NY3d 836 [2005]) and, "[a]lthough the contention of defendant that he was denied his constitutional right to a speedy trial survives the guilty plea, defendant raises that contention for the first time on appeal and therefore failed to preserve it for our review" (*People v Robinson*, 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]; *see People v Woodruff*, 9 AD3d 896 [2004], *lv denied* 3 NY3d 713 [2004]).

Finally, defendant contends that the judgment should be reversed and the indictment dismissed based on the People's failure to preserve the alleged narcotics during the pendency of an earlier appeal that resulted in our reversal of the judgment of conviction on defendant's prior plea of guilty based on a defective waiver of indictment and superior court information (*People*

*v Mayo,* 21 AD3d 1316 [2005]). Between the time of defendant's prior plea and our reversal of the judgment, the alleged narcotics were destroyed. Although "the People have an obligation to preserve evidence 'until all appeals have been exhausted' " (*People v Hernandez,* 25 AD3d 566, 567 [2006], *lv denied* 6 NY3d 848 [2006]; *see People v Watkins,* 189 AD2d 623, 624 [1993], *lv denied* 81 NY2d 978 [1993]), defendant forfeited his right to raise that contention by subsequently entering the instant plea of guilty upon an indictment (*see People v Campbell,* 73 NY2d 481, 486 [1989]; *People v Gerber,* 182 AD2d 252, 265 [1992], *lv denied* 80 NY2d 1026 [1992]; *see generally People v Hansen,* 95 NY2d 227, 230-231 [2000]). Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.