# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

567

KA 09-00278

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

FREDERICK M. FARO, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FREDERICK M. FARO, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered November 26, 2008.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25).  To the extent that defendant contends in his main and pro se supplemental briefs that he was denied his statutory right to a speedy trial pursuant to CPL 30.30, that contention is forfeited by his plea of guilty (*see People v O'Brien*, 56 NY2d 1009, 1010; *People v Tracey*, 13 AD3d 1174, *lv denied* 4 NY3d 836).  Although the further contention of defendant in his main and pro se supplemental briefs that he was denied his constitutional right to a speedy trial survives the guilty plea (*see People v Allen*, 86 NY2d 599, 602; *People v Woodruff*, 9 AD3d 896, *lv denied* 3 NY3d 713; *People v Robinson*, 1 AD3d 1019, *lv denied* 2 NY3d 745), it must be preserved for our review (*see People v Mayo*, 45 AD3d 1361, 1362).  Even assuming, arguendo, that the brief reference to CPL 30.20 in defendant's omnibus motion was sufficient to preserve that contention for our review, we conclude that it is without merit.  Upon consideration of the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we conclude that the seven-month delay at issue, the majority of which was at the request of defendant or with his consent, did not violate defendant's right to a speedy trial.

The sentence is not unduly harsh or severe.  We have considered

the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit.