■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. PRIEST, Appellant. [11 NYS3d 787]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 25, 2014. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree and rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed, and the matter is remitted to Jefferson County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and rape in the third degree (§ 130.25 [2]). "As the People correctly concede, the waiver of indictment and superior court information are defective and, therefore, the plea is a nullity and must be vacated. Where, as here, a defendant is charged with a class A felony, the defendant cannot validly waive indictment or consent to be prosecuted by a superior court information" (*People v Mayo*, 21 AD3d 1316, 1316-1317 [2005]; *see* CPL 195.10 [1] [b]; *People v Trueluck*, 88 NY2d 546, 549-550 [1996]). We therefore vacate defendant's plea and his waiver of indictment, and we dismiss the superior court information. "Of course, the People may present the case to the [g]rand [j]ury" (*People v Ford*, 159 AD2d 933, 934 [1990]). Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.