■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. PRIEST, Appellant. [64 NYS3d 445]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 21, 2015. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree and rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed and the matter is remitted to Jefferson County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and rape in the third degree (§ 130.25 [2]). In a prior appeal, we reversed the judgment of conviction, determining that the superior court information (SCI) was jurisdictionally defective inasmuch as defendant had been charged with, inter alia, a class A felony and thus could not validly waive indictment or consent to be prosecuted by an SCI (*People v Priest*, 130 AD3d 1489 [4th Dept 2015]). We thus vacated the plea and waiver of indictment and dismissed the SCI, noting that " 'the People may present the case to the [g]rand [j]ury' " (*id.* at 1489).

On remittal, the People did not present the case to a grand jury but, rather, made a second attempt to proceed by SCI. As the People correctly concede, the SCI is again jurisdictionally defective inasmuch as the felony complaint charging defendant with the class A felony was not dismissed until *after* the waiver of indictment and plea to the SCI. As a result, defendant was still "charged" with a class A felony when he waived indictment and consented to be prosecuted by an SCI. "Where, as here, a defendant is charged with a class A felony, the defendant cannot validly waive indictment or consent to be prosecuted by a

superior court information" (*People v Mayo*, 21 AD3d 1316, 1316-1317 [4th Dept 2005]; *see* CPL 195.10 [1] [b]; *People v Trueluck*, 88 NY2d 546, 551 [1996]; *Priest*, 130 AD3d at 1489). We therefore vacate defendant's plea and his waiver of indictment, and we dismiss the SCI, noting again that " 'the People may present the case to the [g]rand [j]ury' " (*Priest*, 130 AD3d at 1489).

Based on our determination, we do not address defendant's remaining contentions. Present—Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.