People v Miller (2018 NY Slip Op 03288)





People v Miller


2018 NY Slip Op 03288


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


574 KA 16-00448

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRELL B. MILLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
TERRELL B. MILLER, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 16, 2016. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law
§ 140.30 [4]). To the extent that defendant contends in his main brief that his waiver of the right to appeal is invalid, we reject that contention. The record establishes that County Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and informed him that the waiver was a condition of the plea agreement" (People v Krouth, 115 AD3d 1354, 1354-1355 [4th Dept 2014], lv denied 23 NY3d 1064 [2014] [internal quotation marks omitted]). Contrary to defendant's assertion, the record further establishes that defendant read and understood the contents of the written waiver that he executed during the proceeding (cf. People v Bradshaw, 18 NY3d 257, 265 [2011]). We thus conclude that "[t]he plea colloquy, together with the written waiver of the right to appeal executed by defendant, establishes that defendant's waiver of the right to appeal was knowingly, intelligently, and voluntarily entered" (People v Fontaine, 144 AD3d 1658, 1658 [4th Dept 2016], lv denied 29 NY3d 997 [2017]; see People v Lopez, 6 NY3d 248, 256 [2006]). The valid waiver of the right to appeal encompasses defendant's challenges in his main and pro se supplemental briefs to the court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]), and his challenge in his main brief to the severity of the sentence (see Lopez, 6 NY3d at 255).
Defendant's further contention in his main brief that he was denied effective assistance of counsel because defense counsel should not have raised the issue of the waiver of the right to appeal during the plea proceeding survives his plea and valid waiver "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). "That contention, however, is belied by the statements of defendant [made following the initial discussion of the waiver] that he was satisfied with the representation provided by defense counsel" (People v Kapp, 59 AD3d 974, 975 [4th Dept 2009], lv denied 12 NY3d 818 [2009]). Moreover, defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's discussion of the waiver inasmuch as the record establishes that the prosecutor had already prepared a written waiver prior to the proceeding and that defendant benefitted from the waiver [*2]insofar as it secured the court's sentencing commitment to a range far lower than the maximum sentence (see People v Turck, 305 AD2d 1072, 1073 [4th Dept 2003], lv denied 100 NY2d 566 [2003]).
Defendant further contends in his main brief that defense counsel took a position adverse to him at sentencing and that he was therefore deprived of effective assistance of counsel. We reject that contention inasmuch as the record establishes that defense counsel's comments at sentencing were not adverse to defendant's position (see People v Collins, 85 AD3d 1678, 1679 [4th Dept 2011], lv denied 18 NY3d 993 [2012]; see also People v Washington, 25 NY3d 1091, 1095 [2015]; People v Fifield, 24 AD3d 1221, 1222 [4th Dept 2005], lv denied 6 NY3d 775 [2006]).
To the extent that defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal (see Rausch, 126 AD3d at 1535), we reject that contention. The record establishes that defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]; see People v Parson, 27 NY3d 1107, 1108 [2016]; People v Barnes, 41 AD3d 1309, 1310 [4th Dept 2007], lv denied 9 NY3d 920 [2007]). Further, to the extent that defendant's contention in his pro se supplemental brief is based upon matters outside the record, his contention must be raised by way of a motion pursuant to CPL 440.10 (see People v Smith, 122 AD3d 1300, 1301 [4th Dept 2014], lv denied 25 NY3d 1172 [2015]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court