People v Vilbrin (2020 NY Slip Op 02825)





People v Vilbrin


2020 NY Slip Op 02825


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

109893

[*1]The People of the State of New York, Respondent,
v
Jonathan Vilbrin, Appellant.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Brian M. Quinn, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 15, 2017, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.
Based on a March 21, 2017 incident in which defendant stabbed the victim with a knife, defendant pleaded guilty, in full satisfaction of a six-count indictment, to attempted murder in the second degree and waived the right to appeal. In accord with the plea agreement, County Court sentenced defendant to 17 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's challenge to the plea as involuntary and his ineffective assistance of counsel claim, to the extent that it implicates the voluntariness of the plea, survive his unchallenged appeal waiver but are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]; People v Peryea, 169 AD3d 1120, 1120 [2019], lv denied 33 NY3d 980 [2019]). Nor are we persuaded by defendant's contention that his reference at sentencing to the use of Zoloft cast doubt upon his guilt or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; compare People v Chin, 160 AD3d 1038, 1039 [2018]). During the plea colloquy, defendant advised County Court that he had been treated for depression since February 2017, had been hospitalized for a week and was taking a prescribed medication. Defendant then responded affirmatively when the court asked whether the medication helped and allowed him to think clearly. Defendant further confirmed that he was able to ask questions of his attorney and to understand the responses. When asked whether he had any concerns "in that regard," counsel responded "none whatsoever." Defendant did not specify that he was using Zoloft.
At sentencing, defendant initially complained that he was being sentenced "for 17 years for an inch and a half hand laceration and a black eye." He asserted that counsel was ineffective, stating, "I've brought up something with Zoloft, and anything I brought up to him was nothing." Defendant further instructed the court to "[l]ook up Zoloft." According to defendant, these comments raised the potential defense that he acted under the influence of extreme emotional disturbance (see Penal Law § 125.25 [1] [a]). To the contrary, defendant's generic reference to Zoloft raises no such issue given his explanation during the plea colloquy that the medication he was taking for depression did not affect his ability to think clearly. Accordingly, the judgment is affirmed.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.