People v Hart (2020 NY Slip Op 06828)





People v Hart


2020 NY Slip Op 06828


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

111598

[*1]The People of the State of New York, Respondent,
v
Jeremy Hart, Appellant.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Theodore J. Stein, Woodstock, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered February 22, 2019, convicting defendant upon his plea of guilty of the crimes of rape in the first degree (56 counts) and incest in the third degree (56 counts).
Defendant was indicted and charged with rape in the first degree (56 counts) and incest in the third degree (56 counts). The charges stemmed from defendant's sexual contact with the victim, to whom defendant knew he was related, between August 2012 and March 2017 — a period of time when the victim was residing with defendant. Following an unsuccessful motion to dismiss the indictment based upon the People's alleged failure to comply with certain of the requirements set forth in CPL 200.30 and 200.50, defendant pleaded guilty to the entire indictment with the understanding that he would be sentenced to concurrent prison terms of 15 years followed by 15 years of postrelease supervision upon his convictions of rape in the first degree and to lesser concurrent prison terms upon his convictions of incest in the third degree. As part of the plea agreement, defendant also waived his right to appeal. County Court thereafter imposed the agreed-upon sentence. Defendant appeals, contending that he was denied the effective assistance of counsel because defense counsel failed to challenge certain aspects of the indictment.
We affirm. To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives his unchallenged appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Harrington, 185 AD3d 1301, 1302 [2020]; People v Vilbrin, 183 AD3d 1012, 1013 [2020], lv denied 35 NY3d 1049 [2020]; People v Gumbs, 182 AD3d 701, 703 [2020], lv denied 35 NY3d 1066 [2020]). Upon reviewing the record, we find that the narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements during the plea colloquy that negated an element of the charged crimes, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). When questioned on this point at the time of his plea, defendant assured the court that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's services. In any event, defense counsel did demand a bill of particulars and unsuccessfully moved to dismiss the indictment based upon the People's alleged failure to comply with certain aspects of CPL 200.50, and any further lack of specificity in the indictment itself or counsel's related motion practice did not — under the circumstances presented here — rise to the level of ineffective assistance of counsel.
Garry, P.J., Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.