People v Nack (2021 NY Slip Op 06882)





People v Nack


2021 NY Slip Op 06882


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

110550
[*1]The People of the State of New York, Respondent,
v
John M. Nack, Appellant.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant, and appellant pro se.
John M. Muehl, District Attorney, Cooperstown (Christopher James DiDonna of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered May 4, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In September 2015, based upon events occurring on two consecutive days in August 2015, defendant was charged by indictment with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. In 2016, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and agreed to waive his right to appeal. In accordance with the negotiated plea agreement, defendant was thereafter sentenced to a prison term of six years, followed by two years of postrelease supervision. In January 2018, County Court — upon the People's consent — granted defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h); consequently, County Court vacated defendant's conviction for attempted criminal possession of a controlled substance in the third degree, assigned defendant new counsel and set the matter down for trial.[FN1]
Defendant thereafter moved to, among other things, suppress certain statements that he made to the police. Following a Huntley hearing, County Court denied defendant's motion to suppress. In April 2018, after the parties had selected a jury, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of seven years, followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. In May 2018, as contemplated by the plea agreement, defendant was sentenced to a term of seven years in prison, followed by two years of postrelease supervision. Defendant appeals.
We affirm. Initially, we find that defendant's waiver of his right to appeal was knowing, voluntary and intelligent. During the plea colloquy, County Court advised defendant that the appeal waiver was separate and distinct from the trial-related rights that defendant was automatically forfeiting by pleading guilty. County Court also explained that the appeal waiver was a condition of the plea agreement, and defendant confirmed his understanding thereof. Further, defendant executed a written waiver of appeal, which reiterated that the right to appeal is separate and distinct from those rights automatically forfeited by a guilty plea and confirmed that defendant had been fully apprised of his appellate rights and had a "full and fair opportunity to discuss [those] matters" with defense counsel. Although the written waiver contained some overbroad language, given "the totality of the circumstances," including defendant's recent and prior experience with the criminal justice system, the record reflects that defendant "understood the distinction that some appellate review survived[*2]" the appeal waiver and was aware of the fact that he was not waiving all potential appellate claims (People v Thomas, 34 NY3d 545, 559-561 [2019]; see People v Blanchard, 188 AD3d 1414, 1415 [2020], lv denied 36 NY3d 1055 [2021]).[FN2] Accordingly, we find that the appeal waiver was valid.
Although defendant's challenge to the voluntariness of his guilty plea survives his appeal waiver, such challenge is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Downs, 194 AD3d 1118, 1119 [2021], lv denied 37 NY3d 971 [2021]; People v Sablan, 177 AD3d 1024, 1027 [2019], lv denied 34 NY3d 1132 [2020]). Defendant's contention that he received ineffective assistance of counsel, to the extent that it impacts upon the voluntariness of his plea, also survives the appeal waiver, but is similarly unpreserved (see People v Stanley, 189 AD3d 1818, 1818 [2020]; People v Hart, 188 AD3d 1424, 1425 [2020], lv denied 36 NY3d 1051 [2021]). Defendant did not make any statements during the plea colloquy or at sentencing that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Crossley, 191 AD3d 1046, 1047 [2021], lv denied 37 NY3d 991 [2021]; People v Hunt, 176 AD3d 1253, 1254 [2019]).
The remaining issues raised by defendant are foreclosed, either by his guilty plea or the valid waiver of appeal. Defendant argues that, after his prior guilty plea, the People failed to fulfill their obligation to preserve evidence until all appeals had been exhausted (see People v Mayo, 45 AD3d 1361, 1362-1363 [2007]; People v Hernandez, 25 AD3d 566, 567 [2006], lv denied 6 NY3d 848 [2006]) and that County Court misstated the People's obligation in this respect, thereby "erroneously impl[ying] that the destruction of evidence was a non-issue." However, by pleading guilty, defendant forfeited his right to raise such argument (see People v Mayo, 45 AD3d at 1362-1363). Similarly, by pleading guilty, defendant forfeited his claim of prosecutorial vindictiveness (see People v Rodriguez, 55 NY2d 776, 777 [1981]; People v Perron, 6 AD3d 937, 938 [2004], lv denied 3 NY3d 645 [2004]; People v Robertson, 279 AD2d 711, 712 [2001], lv denied 96 NY2d 805 [2001]), his contention that the People improperly submitted hearsay evidence to the grand jury (see People v Hansen, 95 NY2d 227, 233 [2000]), his assertion that the indictment should have been dismissed in furtherance of justice pursuant to CPL 210.40 (see People v LaPierre, 189 AD3d 1813, 1816 [2020], lv denied 36 NY3d 1098 [2021]; People v Tavares, 273 AD2d 707, 707 [2000], lv denied 95 NY2d 939 [2000]) and his argument that the People violated the sealing requirements of CPL 160.50 (see People v Hines, 82 AD3d 1694, 1694 [2011], lvs denied 17 NY3d 796, 802 [2011]).[FN3] Finally, the valid appeal waiver forecloses defendant's challenge [*3]to the denial of his suppression motion (see People v Keene, 192 AD3d 1195, 1196 [2021], lv denied 37 NY3d 957 [2021]; People v Schmidt, 57 AD3d 1104, 1104 [2008]), his claim of judicial bias (see People v Danielson, 170 AD3d 1430, 1431-1432 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]) and his argument that the agreed-upon sentence is harsh and excessive (see People v Acevedo, 179 AD3d 1397, 1399 [2020]; People v Moore, 167 AD3d 1158, 1159 [2018], lv denied 33 NY3d 951 [2019]). Accordingly, there is no basis upon which to disturb the judgment of conviction.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant filed a notice of appeal from the 2016 judgment of conviction. However, after he successfully obtained relief under CPL 440.10 (1) (h), he withdrew that appeal.

Footnote 2: Overbroad language in a written waiver can be overcome by the trial court ensuring, during the plea colloquy, that the defendant understands that some appellate and collateral review survives the appeal waiver (see People v Thomas, 34 NY3d at 565-566; People v Gervasio, 190 AD3d 1190, 1191 [2021]).

Footnote 3: Defendant argues, in conclusory fashion in his pro se supplemental brief, that County Court should have granted his motion to dismiss the indictment under CPL 210.35 (5), an argument which "may be raised even after a plea of guilty" (People v Wilkins, 68 NY2d 269, 277 n 7 [1986]). However, defendant's arguments on this point are no more than a rehashing of his claims under CPL 160.50 and 210.40, which, as noted above, he waived by pleading guilty.