People v Little (2024 NY Slip Op 03651)

People v Little

2024 NY Slip Op 03651

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

482 KA 21-01581

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL LITTLE, DEFENDANT-APPELLANT.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Karen Bailey Turner, J.), rendered April 2, 2021. The judgment convicted defendant, upon a guilty plea, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted him, upon a guilty plea, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant correctly contends, and the People correctly concede, that defendant's waiver of the right to appeal is invalid because County Court "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). 
Defendant contends that the court erred in denying his request in August 2020 for new counsel. That contention is without merit because the court relieved the attorney who was then representing defendant and defendant was represented by new counsel during subsequent proceedings. To the extent that defendant's contention concerns a request to replace a prior attorney who represented defendant at the time of his plea in November 2019, that contention "is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea" (People v Fernandez, 218 AD3d 1257, 1259 [4th Dept 2023], lv denied 40 NY3d 1012 [2023] [internal quotation marks omitted]). To the extent that defendant's contention implicates the voluntariness of his plea, we conclude that defendant abandoned his request for new counsel when he decided to plead guilty while still being represented by the same attorney (see id. at 1260).
Next, defendant contends that the indictment should have been dismissed on statutory and constitutional speedy trial grounds. Defendant's statutory speedy trial contention "is not preserved for appellate review because he never moved to dismiss the indictment on that ground" (People v Robinson, 225 AD3d 1266, 1267 [4th Dept 2024] [internal quotation marks omitted]), and his constitutional speedy trial contention is likewise not preserved for appellate review (see People v Faro, 83 AD3d 1569, 1569 [4th Dept 2011], lv denied 17 NY3d 858 [2011]; People v Mayo, 45 AD3d 1361, 1362 [4th Dept 2007]).
We reject defendant's further contention that he was denied effective assistance of counsel as a result of defense counsel's failure to file a speedy trial motion. Defendant was not "denied effective assistance of trial counsel merely because counsel [did] not make a motion or argument that [had] little or no chance of success" (People v Jackson, 132 AD3d 1304, 1305 [4th [*2]Dept 2015], lv denied 27 NY3d 999 [2016] [internal quotation marks omitted]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court