People v Green
2026 NY Slip Op 03333
May 28, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Kevin Green, Appellant.

Decided and Entered:May 28, 2026
111780 , CR-23-1817
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Craig S. Leeds, Albany, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

[*1]
Ryba, J.
Appeals (1) from a judgment of the County Court of Ulster County (Donald Williams, J.), rendered April 17, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court (James Farrell, J.), entered October 19, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In early June 2018, police officers responded to 911 calls reporting shots fired in the vicinity of 80 West Pier Pont Street in the City of Kingston, Ulster County. As a result of the investigation that ensued thereafter, defendant was arrested and charged by indictment with criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and reckless endangerment in the first degree. In full satisfaction of the indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived, both orally and in writing, his right to appeal. County Court (Williams, J.) sentenced defendant, as a second felony offender, to a term of imprisonment of seven years, to be followed by five years of postrelease supervision. Years later, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, which the People opposed. County Court (Farrell, J.) denied defendant's motion in its entirety based on his failure to provide any nonrecord evidence in support of his arguments. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Initially, defendant fails to challenge the validity of his appeal waiver. As a result, his arguments pertaining to his motion to suppress statements and physical evidence and his purportedly harsh and severe sentence are precluded from review (see People v Jean- Pierre, 203 AD3d 1226, 1227-1228 [3d Dept 2022], lv denied 38 NY3d 1033 [2022];
People v Nack, 200 AD3d 1197, 1199 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]). Although defendant attempts to anchor his ineffective assistance of counsel claim to his argument that his plea was not knowing and voluntary — in which case, such would survive his unchallenged appeal waiver (see People v Rodriguez, 217 AD3d 1012, 1013 [3d Dept 2023]; People v Hart, 188 AD3d 1424, 1425 [3d Dept 2020], lv denied 36 NY3d 1051 [2021]) — he only discusses his counsel's conduct occurring prior to the plea proceeding. Accordingly, we are convinced that those claims of ineffective assistance of counsel do not impact the voluntariness of his guilty plea and are therefore also precluded by the unchallenged appeal waiver (see People v Carden, 233 AD3d 1096, 1096 [3d Dept 2024], lv denied 43 NY3d 929 [2025]). In any event, defendant's claim that his counsel's conduct impacted the voluntariness of his guilty plea is "unpreserved for our review in the absence of an appropriate postallocution motion" and the narrow exception to the [*2]preservation rule has not been implicated (People v Stanley, 189 AD3d 1818, 1818 [3d Dept 2020]; see People v Willetts, 234 AD3d 1020, 1020 [3d Dept 2025], lv denied 43 NY3d 966 [2025]).
Defendant claims that County Court erred in denying his CPL 440.10 motion to vacate the judgment of conviction, claiming that the court did not have jurisdiction over the action or his person (see CPL 440.10 [1] [a]), the judgment was procured by duress, misrepresentation or fraud on the part of a person acting for or on behalf of the People (see CPL 440.10 [1] [b]) and that the judgment was obtained in violation of his constitutional rights (see CPL 440.10 [1] [h]). His arguments largely centered on an accusation that the main police witness lied and misrepresented to the grand jury, which defendant claims rendered the indictment invalid. To support his motion, however, defendant provided no nonrecord evidence. As such, his claims could have been addressed on direct appeal, CPL article 440 was an improper avenue for relief and the court properly denied his motion as a result (see CPL 440.10 [2] [b]; People v Carota, 235 AD3d 1069, 1071 [3d Dept 2025], lv denied 43 NY3d 962 [2025]; People v Hooker, 230 AD3d 1465, 1468 [3d Dept 2024]).
To the extent that they are not addressed herein, we have considered defendant's remaining arguments and find them lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the judgment and the order are affirmed.